**RIKER DANZIG SCHERER HYLAND & PERRETTI** LLP
Headquarters Plaza
One Speedwell Avenue
Morristown, NJ 07962-1981
(973) 538-0800

Attorneys for Defendants, Dow Jones & Company, Inc. Long Term Disability Plan, Dow Jones
& Company, Inc. Plan Committee, Dow Jones & Company, Inc. Health Care Plan, and Dow
Jones & Company, Inc. Life Insurance and Accident Benefit Plan.

|  |  |
|---|---|
| SHARON SPARK,<br><br>                                    Plaintiff,<br><br>                    vs.<br><br>DOW JONES & COMPANY, INC. LONG TERM DISABILITY PLAN, DOW JONES & COMPANY, INC., PLAN COMMITTEE, as Plan Administrator, THE REED GROUP, as Claims Administrator for the Long Term Disability Plan, DOW JONES & COMPANY, INC. HEALTH CARE PLAN, DOW JONES & COMPANY, INC. LIFE INSURANCE AND ACCIDENT BENEFIT PLAN and AETNA LIFE INSURANCE COMPANY,<br><br>                                    Defendants. | UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK<br><br>CIVIL ACTION NO. 06-CV-15242<br><br>HON. VICTOR MARRERO, U.S.D.J.<br><br>**ANSWER AND AFFIRMATIVE DEFENSES** |

Defendants, Dow Jones & Company, Inc. Long Term Disability Plan, Dow Jones &

Company, Inc., Plan Committee, Dow Jones & Company, Inc. Health Care Plan, and Dow Jones

& Company, Inc. Life Insurance and Accident Benefit Plan (hereinafter collectively "Plan

Committee"), by their attorneys, Riker, Danzig, Scherer, Hyland & Perretti, LLP, by way of

Answer to Plaintiff's Complaint, allege and say:

## AS TO JURISDICTION AND VENUE

1.      Plan Committee neither admits nor denies the allegations set forth in Paragraph 1 as they call for a legal conclusion.

2.      Plan Committee neither admits nor denies the allegations set forth in Paragraph 2 as they call for a legal conclusion.

3.      Plan Committee neither admits nor denies the allegations set forth in Paragraph 3 as they call for a legal conclusion.

4.      Plan Committee admits the allegation set forth in Paragraph 4.

## AS TO STANDARD OF REVIEW

5.      Plan Committee repeats its responses to the allegations set forth in Paragraphs 1 through 4.

6.      Plan Committee denies the allegations set forth in Paragraph 6.

7.      Plan Committee neither admits nor denies the allegations set forth in Paragraph 7 relating to the prohibitions of ERISA as they call for a legal conclusion, and denies the remaining allegations set forth in Paragraph 7, particularly any allegations that Plan Committee violated ERISA.

8.      Plan Committee denies the allegations set forth in Paragraph 8.

## AS TO NATURE OF ACTION

9.      Plan Committee repeats its responses to the allegations set forth in Paragraphs 1 through 8.

10.      Plan Committee neither admits nor denies the allegations set forth in Paragraph 10 as the Complaint speaks for itself.

11.    Plan Committee admits the allegations set forth in Paragraph 11 but refer to the Plans themselves for the terms thereof.

12.    Plan Committee admits that benefits under the Long-Term Disability Plan are paid from the Employee Benefit Plan Trust, which is funded and maintained through contributions of Dow Jones.  Plan Committee admits that claims under the Long-Term Disability Plan are administered by it and that the Plan Committee made the decision as to whether plaintiff qualified for LTD benefits.  It otherwise denies the allegations of Paragraph 12.

13.    Plan Committee admits that claims for Health Care Plan benefits are paid from the Employee Benefit Plan Trust, which is funded and maintained through contributions of Dow Jones.  Plan Committee also admits that claims under the Health Care Plan are administered by a committee for the Health Care Plan, but denies that the Plan Committee made any decision related to the Health Care Plan affecting plaintiff and it otherwise denies the allegations of Paragraph 13.

14.    Plan Committee admits that Life Insurance Plan benefits are provided through a group policy with Aetna, that Dow Jones pays the premiums for basic individual coverage under the Plan, and that employees pay the full cost of supplemental coverage, but otherwise denies the allegations set forth in Paragraph 14.

## AS TO THE PARTIES

15.    Plan Committee repeats its responses to the allegations set forth in Paragraphs 1 through 14.

16.    Plan Committee lacks sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 16.

17.    Plan Committee admits the allegations set forth in Paragraph 17 but refers to the Complaint for a description of what plaintiff considers the issues raised in this litigation.

18.    Plan Committee admits the allegation set forth in Paragraph 18.

19.    Plan Committee admits that it is the administrator for the LTD Plan.

20.    Plan Committee admits the allegation set forth in Paragraph 20.

21.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 21.

22.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 22.

23.    Plan Committee admits the allegations set forth in Paragraph 23 but refers to the Complaint for a description of what plaintiff considers the issues raised in this litigation.

24.    Plan Committee admits the allegation set forth in Paragraph 24.

25.    Plan Committee admits the allegation set forth in Paragraph 25, but refers to the Complaint for a description of what plaintiff considers the issues raised in this litigation.

26.    Plan Committee admits the allegation set forth in Paragraph 26.

27.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 27.

28.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 28.

## AS TO STATEMENT OF FACTS

29.    Plan Committee repeats and realleges its responses to the allegations set forth in Paragraphs 1 through 28.

30.    Plan Committee admits the allegation set forth in Paragraph 30.

31.     Plan Committee admits the allegations set forth in Paragraph 31.

32.     Plan Committee admits the allegation set forth in Paragraph 32.

33.     Plan Committee admits that Plaintiff went on Short-term disability leave on May 8, 2000.  Plaintiff failed to return to work when the Short-term disability period expired in November 2000.  Plaintiff was terminated in accordance with company policy and procedure as a result of job abandonment on October 25, 2001. Defendants deny the remaining allegations set forth in Paragraph 33.

34.     Plan Committee denies the allegations set forth in Paragraph 34, except to refer to the Summary Plan Description for the terms thereof.

35.     Plan Committee denies the allegations set forth in Paragraph 35 except to refer to the Long-Term Disability Plan for the terms thereof.

36.     Plan Committee denies the allegations set forth in Paragraph 36 except to refer to the Summary Plan Description for the Long-Term Disability Plan for the terms thereof.

37.     Plan Committee denies the allegations set forth in Paragraph 37 except to refer to the Long-Term Disability Plan for the terms thereof.

38.     Plan Committee denies the allegations set forth in Paragraph 38 except to refer to the Summary Plan Description for the Long-Term Disability Plan for the terms thereof.

39.     Plan Committee denies the allegations set forth in Paragraph 39 except to refer to the Summary Plan Description for the Long-Term Disability Plan for the terms thereof.

40.     Plan Committee denies the allegations set forth in Paragraph 40 except to refer to the Summary Plan Description for the Long-Term Disability Plan for the terms thereof.

41.     Plan Committee denies the allegations set forth in Paragraph 41 except to refer to the Summary Plan Description for the Long-Term Disability Plan for the terms thereof.

42.    Plan Committee admits it is responsible for the administration Long-Term Disability Plan but otherwise denies the allegations in Paragraph 42.

43.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 43.

44.    Plan Committee denies the allegation set forth in Paragraph 44 except to refer to the text referenced by Plaintiff for the terms thereof.

45.    Plan Committee denies the allegation set forth in Paragraph 45 except to refer to the text referenced by Plaintiff for the terms thereof.

46.    Plan Committee denies the allegation set forth in Paragraph 46 except to refer to the text referenced by Plaintiff for the terms thereof.

47.    Plan Committee admits the allegation set forth in Paragraph 47 but points out the progress and effects of Lupus vary substantially depending upon the circumstances.

48.    Plan Committee admits the allegation set forth in Paragraph 48 but points out the progress and effects of Lupus vary substantially depending upon the circumstances.

49.    Plan Committee admits the allegation set forth in Paragraph 49 except it denies most medications have severe side effects and does not understand what plaintiff refers to as "disease markers".

50.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 50.

51.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 51.

52.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 52.

53.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 53.

54.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 54.

55.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 55.

56.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 56 except to admit it caused plaintiff to be paid STD benefits beginning as of May 8, 2000.

57.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 57.

58.    Plan Committee denies the allegations set forth in Paragraph 58 except to refer to the referenced document for the terms thereof.

59.    Plan Committee denies the allegations set forth in Paragraph 59 except to refer to the referenced document for the terms thereof.

60.    Plan Committee denies the allegations set forth in Paragraph 60 except to refer to the referenced document for the terms thereof.

61.    Plan Committee is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 61.

62.    Plan Committee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 62.

63.     Plan Committee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 63 but refers to the referenced document for the terms thereof.

64.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 64.

65.     Plan Committee neither admits nor denies the allegation set forth in Paragraph 65 but refers to the referenced document for the terms thereof.

66.     Plan Committee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 66 but refers to the referenced document for the terms thereof.

67.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 67.

68.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 68.

69.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 69.

70.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 70.

71.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 71.

72.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 72.

73.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 73.

74.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 74.

75.     Plan Committee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 75 but refers to the referenced document for the terms thereof.

76.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 76.

77.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 77.

78.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 78.

79.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 79.

80.     Plan Committee denies the allegations set forth in Paragraph 80 except to refer to the referenced document for the terms thereof.

81.     Plan Committee denies the allegations set forth in Paragraph 81 except to refer to the referenced document for the terms thereof.

82.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 82 but refers to the referenced document for the terms thereof.

83.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 83.

84.     Plan Committee denies the allegation set forth in Paragraph 84.

85.     Plan Committee admits that Plaintiff applied for and was subsequently granted Short-Term Disability benefits from Dow Jones pursuant to the Short-Term Disability Plan in 2000.  Plan Committee otherwise denies any remaining allegations set forth in Paragraph 85 except to refer to the Short-Term Disability Plan for the terms thereof.

86.     Plan Committee admits that Plaintiff was approved short-term disability benefits under the Short-Term Disability Plan for a period of up to six months commencing on May 8, 2000, and denies any remaining allegations set forth in Paragraph 86.

87.     Plan Committee denies the allegations set forth in Paragraph 87 except to refer to the Short-Term Disability Plan for the terms thereof.

88.     Plan Committee denies the allegations set forth in Paragraph 88 except to refer to the Summary Plan Description for the terms thereof.

89.     Plan Committee denies the allegations set forth in Paragraph 89.

90.     Plan Committee denies the allegations set forth in Paragraph 90 except to admit Mr. Rosenthal sent the referenced email which speaks for itself.

91.     Plan Committee denies the allegations set forth in Paragraph 91 except to refer to the e-mail referenced by Plaintiff for the terms thereof.

92.     Plan Committee denies the allegations set forth in Paragraph 92.

93.     Plan Committee denies the allegations set forth in Paragraph 93.

94.     Plan Committee denies the allegation set forth in Paragraph 94 except to refer to the Summary Plan Description for the terms thereof.

95.     Plan Committee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 95.

96.     Plan Committee denies the allegation set forth in Paragraph 96 except to refer to the regulation for the terms thereof.

97.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 97.

98.     Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 98.

99.     Plan Committee denies the allegations set forth in Paragraph 99.

100.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 100.

101.    Plan Committee denies the allegations set forth in Paragraph 101 except to refer to the Summary Plan Description for the terms thereof.

102.    Plan Committee admits the allegation set forth in Paragraph 102.

103.    Plan Committee admits that it sent a letter to plaintiff related to this subject matter and refers to the letter for the terms thereof.

104.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 104.

105.    Plan Committee denies the allegations set forth in Paragraph 105.

106.    Plan Committee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 106 except to refer to the Life Insurance Plan for the terms thereof.

## AS TO PLAINTIFF'S CAUSE OF ACTION FOR LONG-TERM DISABILITY BENEFITS PURSUANT TO THE LTD PLAN

107.   Plan Committee repeats its responses to the allegations set forth in Paragraphs 1 through 106.

108.   Plan Committee denies the allegations set forth in Paragraph 108 which refer to it.

109.   Plan Committee denies the allegations set forth in Paragraph 109.

110.   Plan Committee denies the allegations set forth in Paragraph 110 which refer to it.

111.   Plan Committee denies the allegations set forth in Paragraph 111.

112.   Plan Committee denies the allegations set forth in Paragraph 112.

113.   Plan Committee denies the allegation set forth in Paragraph 113 except to refer to the Summary Plan Description for the terms thereof.

114.   Plan Committee denies the allegations set forth in Paragraph 114.

115.   Plan Committee denies the allegations set forth in Paragraph 115.

116.   Plan Committee denies the allegations set forth in Paragraph 116.

117.   Plan Committee admits the allegations set forth in Paragraph 117.

118.   Plan Committee admits the allegation set forth in Paragraph 118.

119.   Plan Committee denies Plaintiff's allegations set forth in Paragraph 119 except to refer to the Short-Term Disability Plan and the Long-Term Disability Plan for the terms thereof.

120.   Plan Committee admits the allegations set forth in Paragraph 120.

121.   Plan Committee admits Dr. Lesser submitted a report dated September 28, 2000 but otherwise denies the allegation of Paragraph 121.

122.   Plan Committee denies the allegations set forth in Paragraph 122 except to refer to report for the terms thereof.

123.    Plan Committee denies the allegations set forth in Paragraph 123 except to refer to the report for the terms thereof.

124.    Plan Committee denies the allegations set forth in Paragraph 124 except to refer to the report for the terms thereof.

125.    Plan Committee denies the allegations set forth in Paragraph 125.

126.    Plan Committee denies the allegations set forth in Paragraph 126.

127.    Plan Committee denies the allegations set forth in Paragraph 127 except to refer to the report for the terms thereof.

128.    Plan Committee denies the allegations set forth in Paragraph 128.

129.    Plan Committee denies the allegations set forth in Paragraph 129 which refer to the Plan Committee except to admit it paid plaintiff Short-Term Disability benefits.

130.    Plan Committee denies the allegations set forth in Paragraph 130.

131.    Plan Committee denies the allegations set forth in Paragraph 131 except to refer to the referenced report for the terms thereof.

132.    Plan Committee denies the allegations contained in Paragraph 132 except to refer to the report for the terms thereof.

133.    Plan Committee denies the allegations contained in Paragraph 133 except to refer to the report for the terms thereof.

134.    Plan Committee denies the allegations set forth in Paragraph 134 which refer to it.

135.    Plan Committee denies the allegations contained in Paragraph 135 except to refer to the letter for the terms thereof.

136.    Plan Committee admits that Plaintiff was notified of the denial of her claim for long-term disability benefits by letter dated February 12, 2001 and refers to the letter for the terms thereof.  It otherwise denies the allegations set forth in Paragraph 136.

137.    Plan Committee denies the allegations set forth in Paragraph 137 except to refer to the report for the terms thereof.

138.    Plan Committee denies the allegations set forth in Paragraph 138.

139.    Plan Committee denies the allegations set forth in Paragraph 139 except to refer to the report for the terms thereof.

140.    Plan Committee denies the allegations set forth in Paragraph 140.

141.    Plan Committee denies the allegations set forth in Paragraph 141.

142.    Plan Committee admits that Plaintiff appealed the denial of her long-term disability benefits claim by letter dated February 21, 2001, but otherwise denies the remaining allegations set forth in Paragraph 142.

143.    Plan Committee denies the allegations set forth in Paragraph 143 except to admit plaintiff submitted additional materials.

144.    Plan Committee denies the allegations set forth in Paragraph 144.

145.    Plan Committee denies the allegations set forth in Paragraph 145.

146.    Plan Committee denies the allegations set forth in Paragraph 146.

147.    Plan Committee denies the allegations set forth in Paragraph 147.

148.    Plan Committee denies the allegations set forth in Paragraph 148.

149.    Plan Committee denies the allegation set forth in Paragraph 149 except to refer to the e-mail for the terms thereof.

150.    Plan Committee denies the allegations set forth in Paragraph 150.

151.    Plan Committee denies the allegations set forth in Paragraph 151.

152.    Plan Committee denies the allegations set forth in Paragraph 152.

153.    Plan Committee denies the allegations set forth in Paragraph 153 which refer to it and refers to the letter for the terms thereof.

154.    Plan Committee denies the allegations set forth in Paragraph 154 which refer to it.

155.    Plan Committee denies the allegations set forth in Paragraph 155.

156.    Plan Committee denies the allegations set forth in Paragraph 156.

157.    Plan Committee denies the allegations set forth in Paragraph 157.

158.    Plan Committee denies the allegations set forth in Paragraph 158.

159.    Plan Committee denies the allegations set forth in Paragraph 159.

160.    Plan Committee denies the allegations set forth in Paragraph 160.

161.    Plan Committee admits that Plaintiff was notified of the denial of her first appeal by letter dated April 19, 2001 but otherwise denies the allegations set forth in Paragraph 161.

162.    Plan Committee admits the allegation set forth in Paragraph 162 and refers to the terms of the plan regarding the established time limitations for filing appeals.

163.    Plan Committee admits plaintiff filed a letter dated June 1, 2001 purporting to appeal and refers to the letter for the terms thereof.  It otherwise denies the allegations of Paragraph 163.

164.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 164.

165.    Plan Committee denies the allegation set forth in Paragraph 165 except to refer to the letter for the terms thereof.

166.    Plan Committee denies the allegations set forth in Paragraph 166 except to admit it agreed to consider plaintiff's appeal and to present the appeal in person which her attorney did.

167.    Plan Committee admits that Plaintiff submitted additional medical documents in support of her appeal on or about October 18, 2001. Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the remaining allegations set forth in Paragraph 167.

168.    Plan Committee admits plaintiff's attorney submitted a letter dated October 22, 2002 and refers to the letter for the terms thereof. It otherwise denies the allegation in Paragraph 168.

169.    Plan Committee denies the allegations set forth in Paragraph 169 except to admit it requested further review of plaintiff's claim by the Reed Group and that a physician reviewed her claim.

170.    Plan Committee denies the allegations set forth in Paragraph 170 except to refer to the referenced document for the terms thereof.

171.    Plan Committee denies the allegations set forth in Paragraph 171.

172.    Plan Committee denies the allegations set forth in Paragraph 172.

173.    Plan Committee admits that Plaintiff's counsel appeared before the Plan Committee on September 23, 2003. Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the other allegations set forth in Paragraph 173.

174.    Plan Committee denies the allegation set forth in Paragraph 174, except to admit that plaintiff's attorney appeared at the committee meeting.

175.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 175.

176.    Plan Committee denies the allegations set forth in Paragraph 176.

177.    Plan Committee admits no recording was made but is without knowledge or information to form a belief as to the truth or falsity of the remaining allegations.

178.    Plan Committee denies the allegations set forth in Paragraph 178.

179.    Plan Committee denies the allegations set forth in Paragraph 179 except to refer to the email for the terms thereof.

180.    Plan Committee denies the allegations set forth in Paragraph 180 except to admit that Plaintiff was informed that her final appeal for long-term disability benefits was denied by letter dated December 19, 2003.  Plan Committee also refers to the letter for the terms thereof.

181.    Plan Committee denies the allegations set forth in Paragraph 181.

182.    Plan Committee denies the allegations set forth in Paragraph 182.

183.    Plan Committee denies the allegations set forth in Paragraph 183.

184.    Plan Committee denies the allegations set forth in Paragraph 184.

185.    Plan Committee denies the allegations set forth in Paragraph 185.

186.    Plan Committee denies the allegations set forth in Paragraph 186.

187.    Plan Committee denies the allegations set forth in Paragraph 187.

188.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegation set forth in Paragraph 188.

189.    Plan Committee denies the allegations set forth in Paragraph 189.

190.    Plan Committee denies the allegations set forth in Paragraph 190 except to refer to the e-mail for the terms thereof.

191.    Plan Committee denies the allegations set forth in Paragraph 191 except to refer to the e-mail for the terms thereof.

192.    Plan Committee denies the allegation set forth in Paragraph 192 to the extent it insinuates that Plaintiff was not provided a full and fair review of her claim for long-term disability benefits.

193.    Plan Committee denies the allegations set forth in Paragraph 193.

194.    Plan Committee denies the allegations set forth in Paragraph 194.

195.    Plan Committee denies the allegations set forth in Paragraph 195.

196.    Plan Committee neither admits nor denies the allegations set forth in Paragraph 196 as it calls for a legal conclusion and the allegations are ambiguous.

197.    Plan Committee neither admits nor denies the allegations set forth in Paragraph 197 as it calls for a legal conclusion.

198.    Plan Committee denies the allegations set forth in Paragraph 198.

199.    Plan Committee denies the allegations set forth in Paragraph 199.

200.    Plan Committee denies the allegations set forth in Paragraph 200.

201.    Plan Committee denies the allegations set forth in Paragraph 201.

202.    Plan Committee denies the allegations set forth in Paragraph 202.

203.    Plan Committee denies the allegations set forth in Paragraph 203.

204.    Plan Committee denies the allegations set forth in Paragraph 204.

205.    Plan Committee denies the allegations set forth in Paragraph 205.

**AS TO PLAINTIFF'S CAUSE OF ACTION FOR
DISABILITY BENEFITS PURSUANT TO THE HEALTH CARE PLAN**

206.    Plan Committee repeats its responses to the allegations set forth in Paragraphs 1 through 205.

207.    Plan Committee admits the allegation set forth in Paragraph 207.

208.    Plan Committee denies the allegations set forth in Paragraph 208 except to refer to the Summary Plan Description for the terms thereof.

209.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 209.

210.    Plan Committee denies the allegations set forth in Paragraph 210.

211.    Plan Committee denies the allegations set forth in Paragraph 211.

212.    Plan Committee denies the allegations set forth in Paragraph 212.

213.    Plan Committee denies the allegations set forth in Paragraph 213.

<u>AS TO PLAINTIFF'S CAUSE OF ACTION FOR</u>
<u>DISABILITY BENEFITS PURSUANT TO THE LIFE INSURANCE PLAN</u>

214.    Plan Committee repeats its responses to the allegations set forth in Paragraphs 1 through 213.

215.    Plan Committee admits the allegation set forth in Paragraph 215.

216.    Plan Committee admits that plaintiff was a participant in the basic life insurance program, but denies that plaintiff ever elected supplemental life insurance coverage.

217.    Plan Committee denies the allegations set forth in Paragraph 217 except to refer to the Summary Plan Description for the terms thereof.

218.    Plan Committee admits that Plaintiff's short-term disability commenced on May 8, 2000.  It otherwise denies the allegations of Paragraph 218.

219.    Plan Committee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 219.

220.    Plan Committee is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations set forth in Paragraph 220.

221.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 221.

222.    Plan Committee is without sufficient knowledge or information to form a belief as to the truth or falsity of the allegations set forth in Paragraph 222.

223.    Plan Committee denies the allegations set forth in Paragraph 223.

## AS TO PLAINTIFF'S CAUSE OF ACTION FOR BREACH OF FIDUCIARY DUTY AND REQUEST FOR ADDITIONAL DISCOVERY

224.    Plan Committee repeats its responses to the allegations set forth in Paragraphs 1 through 223.

225.    Plan Committee denies the allegations set forth in Paragraph 225.

226.    Plan Committee denies the allegations set forth in Paragraph 226.

227.    Plan Committee denies the allegations set forth in Paragraph 227.

228.    Plan Committee denies the allegations set forth in Paragraph 228.

229.    Plan Committee denies the allegations set forth in Paragraph 229.

**WHEREFORE**, Plan Committee demands judgment against Plaintiff dismissing the Complaint in its entirety with prejudice and without costs against Plan Committee; awarding Plan Committee its attorneys fees and costs; and awarding Plan Committee such other and further relief as the Court deems appropriate.

on whether plaintiff qualified for long term disability ("LTD") benefits.  It also contains speculation, hyperbole and vitriol.

### SECOND SEPARATE DEFENSE

Plaintiff has failed, at least in part, to state claims upon which relief may be granted.

### THIRD SEPARATE DEFENSE

The Plan Committee was given discretion by the LTD Plan to decide whether plaintiff was entitled to LTD benefits and its decision on plaintiff's claim is subject to an arbitrary and capricious standard of judicial review.

### FOURTH SEPARATE DEFENSE

The Plan Committee provided plaintiff and her attorney with repeated opportunities to demonstrate she qualified for LTD benefits despite their failure to comply with various deadlines.

### FIFTH SEPARATE DEFENSE

The Plan Committee considered the information and records supplied by plaintiff to support her claim for LTD benefits.

### SIXTH SEPARATE DEFENSE

The Plan Committee asked various healthcare professionals to review plaintiff's application and they all advised that plaintiff had not demonstrated she was totally disabled.

### SEVENTH SEPARATE DEFENSE

The Reed Group is an independent contractor hired by the Plan Committee to assist it in reviewing applications for LTD benefits. This relationship does not give rise to a conflict of interest as plaintiff alleges or cast doubt upon the decision of the Plan Committee on plaintiff's application.

### EIGHTH SEPARATE DEFENSE

The Summary Plan Description for the LTD Plan advises the participant that a finding of disability for purposes of Social Security benefits or of disability benefits under the Life Insurance Plan does not mean the participant will qualify for LTD benefits.

### NINTH SEPARATE DEFENSE

Plaintiff is not entitled to healthcare coverage under the Healthcare Plan or life insurance coverage under the Life Insurance Plan unless she can demonstrate she was totally disabled under the LTD Plan.  Because she could not do this, plaintiff did not qualify for healthcare coverage or life insurance coverage as alleged in the Complaint.

### TENTH SEPARATE DEFENSE

To the extent plaintiff alleges a claim for breach of fiduciary duty, the claim is preempted by the Employee Retirement Income Security Act ("ERISA").

### ELEVENTH SEPARATE DEFENSE

Plaintiff seeks discovery in an effort to cause confusion and to distract the Court from determining whether the Plan Committee acted arbitrarily and capriciously in denying plaintiff LTD benefits.  The production of the Plan Committee's file on plaintiff's application provides plaintiff with sufficient discovery to challenge the decision of the Plan Committee.

### TWELFTH SEPARATE DEFENSE

Plaintiff's claims, or at least some of them, are barred by the applicable Statute of Limitations.

## THIRTEENTH SEPARATE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver and estoppel.

**RIKER, DANZIG, SCHERER, HYLAND**
**& PERRETTI LLP**
**Attorneys for Defendants**


**By:  s/Scott A. Ohnegian**

Date: February 8, 2007

3728850.1/13774-18