

**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

**Michael K. Furey**

Direct:
t: 973.451.8433
mfurey@riker.com
Reply to: Morristown

August 10, 2007

<u>Via ECF</u>

Hon. Victor Marrero, U.S.D.J.
United States District Court
Southern District of New York
United States Courthouse
500 Pearl Street, Suite 660
New York, New York 10007

Re:    <u>Sharon Spark v. Dow Jones & Company, Inc., Long Term Disability Plan, et al.</u>
       Civil Action No. 1:06-cv-15242-VM

Dear Judge Marrero:

Please accept this as the parties' joint letter submitted per your request in anticipation of the Initial Case Management Conference scheduled for August 17, 2007.

Plaintiff, Sharon Spark, formerly worked for Dow Jones as a secretary for approximately 12 years. She has filed this action against the Dow Jones Long Term Disability Plan, its Committee, the Dow Jones Health Care Plan and the Dow Jones Life Insurance and Accident Benefit Plan (collectively referred to as the "Dow Jones Plan") as well as the Reed Group, Ltd. and Aetna Life Insurance Company for disability benefits. Specifically, Plaintiff alleges that she was denied (1) long term disability ("LTD") benefits under the LTD Plan beginning in mid-November 2000, (2) disability related benefits under the Health Care Plan, and (3) disability benefits under the Life Insurance Plan.

Plaintiff alleges that she was totally disabled beginning in May 2000 as a result of suffering from Lupus. She collected short term disability benefits for the standard six month period between May and November of 2000. In September 2000, prior to filing an application for long-term disability benefits, Plaintiff was examined, at the request of Dow Jones, by Dr. Robert S. Lesser, a rheumatologist, who determined that there was insufficient data to support the diagnosis of lupus at that time. In October 2000, Plaintiff submitted an application for long term disability benefits. In order to receive long-term disability benefits under the Dow Jones Plan, a claimant must be totally

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Hon. Victor Marrero, U.S.D.J.
August 10, 2007
Page 2

disabled, meaning that during the first 24 months of long-term disability, the claimant is unable to perform all of the duties of his or her regular job due to illness or injury. The standard for long-term disability benefits under the Plan is more stringent than the standard to qualify for short-term disability benefits. Dow Jones retained the Reed Group, Ltd., an independent medical advisory company, to review Plaintiff's claim.

Plaintiff submitted her application along with supporting documentation from her physicians to the Reed Group. The medical documents provided were reviewed independently by two nurses. Both nurses concluded that Plaintiff did not meet the standard for long-term disability benefits and recommended to Dow Jones that Plaintiff's claim be denied. Dow Jones agreed with the recommendation and denied the claim.

In February 2001, Plaintiff appealed Dow Jones' decision and sought to submit additional medical documentation from her care providers. In March 2001, Plaintiff submitted additional medical documentation to the Reed Group in support of her application. A third Reed Group nurse reviewed Plaintiff's claim. This nurse rendered a second independent recommendation to Dow Jones that Plaintiff's application be denied on the basis that the medical documentation did not demonstrate that Plaintiff met the definition of long-term disability established by the Dow Jones Plan. Dow Jones subsequently denied Plaintiff's application again.

Plaintiff made a second appeal of Dow Jones' denial of her application. In October 2001, Plaintiff was permitted to submit additional medical documentation in support of her application. In November 2001, a fourth Reed Group nurse made a third independent review of Plaintiff's claim. This nurse concluded that Plaintiff did not meet the definition of long-term disability as established by the Dow Jones Plan. In addition to this review, Dr. James Leyhane, the Acting Medical Director for the Reed Group, reviewed Plaintiff's claim. Dr. Leyhane independently concluded that Plaintiff was not totally disabled, but only partially disabled for the one year period subsequent to May 2000 and recommended denial of the appeal for long-term disability benefits.

In March 2003, in response to concerns raised by Plaintiff's counsel in an October 22, 2002 letter, Dow Jones requested that Dr. Lesser review 15 sets of laboratory test reports issued between December 1999 and September 2002 for Plaintiff. After reviewing the lab tests and in conjunction with his prior physical examination of Plaintiff, Dr. Lesser concluded that the tests at best depict a patient with episodic disease activity, but do not establish total or partial disability.

In June 2003, the Dow Jones Plan Committee informed Plaintiff's counsel that it would review Plaintiff's application and the documents submitted in support thereof and render a decision following its next meeting in September 2003 and invited

Hon. Victor Marrero, U.S.D.J.
August 10, 2007
Page 3

counsel to attend and participate in the meeting. At the September 2003 Plan Committee meeting, the Committee agreed to retain a new independent medical review organization, IPRO, to review Plaintiff's application and supporting documents.

In December 2003, a physician who was Board Certified in Internal Medicine and Rheumatology performed the review of Plaintiff's claim. The physician recommended that the denial of long-term disability benefits was appropriate. In December 2003, the Dow Jones Plan Committee met and decided to deny Plaintiff's claim for long-term disability benefits.

Plaintiff alleges that her application for long-term disability benefits was denied because Dow Jones was attempting to maximize its profits and, as a result, it failed to consider all of the medical evidence available as to Plaintiff's condition.

The Dow Jones Plan defendants and the Reed Group deny Plaintiff's allegations and maintain that the medical evidence does not demonstrate that she was unable to perform all of the duties of her regular job as a result of an illness or injury as required to obtain long term disability benefits under the Dow Jones Plan. The Dow Jones Plan defendants further deny that Plaintiff was denied any rights afforded under any of Dow Jones' benefit plans or that any decision was made regarding Plaintiff's application for long-term disability benefits with consideration toward maximization of Dow Jones' profits as alleged by Plaintiff. While the Plan Committee is composed of Dow Jones employees, the welfare benefits plans are organized separately and distinctly from Dow Jones' business operations and revenue projections.

Defendants anticipate the filing of a Summary Judgment motion in the near future. There may also be a motion filed by one or both parties regarding the scope of discovery.

There have been no settlement discussions between the parties. The matter has been assigned to mediation which is scheduled to take place on September 6, 2007. It is anticipated that the parties will explore the possibilities for settlement at that time.

Hon. Victor Marrero, U.S.D.J.
August 10, 2007
Page 4

      As of this time, the parties are not amenable to proceeding for all purposes before a Magistrate Judge.

Respectfully submitted,

| | |
|---|---|
| RIKER, DANZIG, SCHERER, HYLAND & PERRETTI, LLP<br>Attorneys for the Dow Jones Plan and Reed Group defendants | DEHAAN BUSSE, LLP<br>Attorneys for Plaintiff |
| s/Michael K. Furey, Esq. | s/Stephane M. Montas, Esq. |