

**RIKER
DANZIG
SCHERER
HYLAND
PERRETTI**LLP

ATTORNEYS AT LAW

Michael K. Furey
Partner

Direct:
t: 973.451.8433
f: 973.451.8653
mfurey@riker.com
Reply to: Morristown

August 15, 2007

**Via ECF and Facsimile (212) 805-6382**
Hon. Victor Marrero, U.S.D.J.
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re:    Sharon Spark v. Dow Jones & Company, Inc., Long Term Disability Plan, et al.
       Civil Action No. 06-cv-15242-VM

Dear Judge Marrero:

    This firm represents the Dow Jones Plan defendants and the Reed Group, Ltd. (collectively "Defendants"). In anticipation of the Initial Case Management Conference scheduled for August 17th, you have required that a Civil Case Management Plan and Scheduling Order be completed by the parties. We believe, however, that no further discovery need be conducted beyond the exchange of Initial Disclosures.

    Plaintiff's claim in this matter is that the Dow Jones Plan Committee wrongfully denied Plaintiff's application for long-term disability benefits under the Dow Jones Long Term Disability Plan in violation of the Employee Retirement Income Security Act ("ERISA"). The Dow Jones Long Term Disability Plan explicitly affords the Dow Jones Plan Committee, as plan administrator, the discretionary authority to determine the eligibility of plan participants for disability benefits. In such instances, the standard of review that the court applies is highly deferential to the decision reached by the plan administrator. See, Perezaj v. Building Service 32B-J Pension Fund, 2005 WL 1993392, *3 (E.D.N.Y.).

    Where the written plan documents confer upon a plan administrator the discretionary authority to determine eligibility for disability benefits, the court will not disturb the plan administrator's ultimate conclusion unless it is "arbitrary and capricious". Todd v. Aetna Health Plans, 62 F.Supp.2d 909, 913 (E.D.N.Y. 1999); Pagan v. NYNEX Pension Plan, 52 F.3d 438, 441 (2nd Cir. 1995). "Under the arbitrary and capricious standard of review, [the] court may overturn a decision to deny benefits only if the decision was 'without reason, unsupported by substantial evidence or erroneous as a matter of law.'" Pagan, 152 F.3d at 442.

Headquarters Plaza, One Speedwell Avenue, Morristown, NJ 07962-1981 • t: 973.538.0800 f: 973.538.1984
50 West State Street, Suite 1010, Trenton, NJ 08608-1220 • t: 609.396.2121 f: 609.396.4578
500 Fifth Avenue, New York, NY 10110 • t: 212.302.6574 f: 212.302.6628
London Affiliate: 33 Cornhill, London EC3V 3ND, England • t: +44 (0) 20.7877.3270 f: +44 (0) 20.7877.3271
www.riker.com

Hon. Victor Marrero, U.S.D.J.
August 15, 2007
Page 2

      Furthermore, it is well-settled under the deferential arbitrary and capricious standard, that courts "are not free to substitute their own judgment for that of the plan administrator as if they were considering the issue of eligibility anew." Celardo v. GNY Automobile Dealers Health & Welfare Trust, 318 F.3d 142, 146 (2nd Cir. 2003); Pagan v. NYNEX Pension Plan, 52 F.3d 438, 442 (2nd Cir. 1995). Your Honor noted in a recent opinion that "in assessing [the decision of a plan fiduciary], under the scope of review the arbitrary and capricious standard permits, the court may not consider extrinsic matters but must remain within the bounds of the administrative record considered by the plan's decision-maker." Douglas v. First Unum Life Insurance Co., 465 F.Supp.2d 301, 305 (S.D.N.Y. 2006); Miller v. United Welfare Fund, 72 F.3d 1066, 1071 (2nd Cir. 1995). See also, Perezaj v. Building Service 32B-J Pension Fund, 2005 WL 1993392, *3 (E.D.N.Y.), ("In reviewing the decision of a plan fiduciary, the Court is limited to reviewing the administrative record that "the fiduciaries themselves considered."); See also, Todd v. Aetna Health Plans, 62 F.Supp.2d 909, 913 (E.D.N.Y. 1999), ("when reviewing a denial of benefits [under an ERISA plan], the district court may consider only the administrative record that was before the plan administrator at the time of the decision.")

      In this case, Defendants have produced as part of their Initial Disclosure requirement under Fed.R.Civ.P. 26, the entire contents of the Dow Jones Plan Committee's file along with the entire contents of the Reed Group file and the relevant Plan documents. The Plan Committee's decision to deny Plaintiff long-term disability benefits under the Long-Term Disability Plan, was made based entirely upon the content of the documents contained in the Committee's file. In making its determination as to whether that decision was "arbitrary and capricious," the Court is to consider only the information that was available to the Committee at the time that it made its' decision. Thus, the discovery of documents or testimony that was not before the Plan Committee at the time it made its' decision would not be relevant to the Court's consideration of this matter.

      Defendants' respectfully submit that commencement of a discovery period is unnecessary and contrary to law as the only materials relevant to this matter are those contained in the Plan Committee file and those which establish the standard for obtaining the benefits.

      Respectfully submitted,

Michael K. Furey

cc:    Stephane M. Montas, Esq. (via fax and regular mail)

3782639.1           8/15/2007